NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-754

COMMONWEALTH

vs.

JEFFREY M. RIVARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Jeffrey M. Rivard, appeals from the order of a District Court judge denying his petition to seal his criminal record. We affirm.

Background. In July 2015, a complaint issued in the District Court charging the defendant with assault and battery on a family or household member. On October 29, 2015, after the victim invoked her marital privilege, the case was dismissed. In 2020 and again in 2021, the defendant filed petitions to seal the record of the dismissed case pursuant to G. L. c. 276, § 100C. The 2020 petition was denied after a hearing, and the defendant appealed therefrom. A panel of this court affirmed the denial in an unpublished decision. See Commonwealth v.

Rivard, 102 Mass. App. Ct. 1103 (2022). The 2021 petition was denied without a hearing by the same judge who denied the 2020 petition, and the defendant did not appeal therefrom.

In 2024, the defendant filed the petition that is the subject of the present appeal. Following a hearing in the District Court before a different judge, the petition was denied. The defendant now appeals therefrom.

Discussion. General Laws c. 276, § 100C, second par., grants to judges the discretion to seal records "[i]n any criminal case wherein a nolle prosequi has been entered, or a dismissal has been entered by the court, and it appears to the court that substantial justice would best be served." See Commonwealth v. Pon, 469 Mass. 296, 321 (2014). A defendant petitioning to seal a record pursuant to G. L. c. 276, § 100C, second para., must "set[] forth facts that demonstrate good cause" for the request. Pon, supra at 322. In assessing "good cause" for the purposes of § 100C, second par., judges must balance the government's interest in the public's "right to know" with the defendant's interest in privacy. See id. at 314-315. "[A] judge may determine on the pleadings whether a prima facie showing [of good cause] has been made." Id. at 322.

Here, we first note that our review is hampered by the defendant's failure to articulate the reasons why the judge

2

abused his discretion in denying the petition. The defendant contends that the judge "could have considered" the list of concerns delineated in the defendant's petition but failed to do so. The conclusory nature of the defendant's arguments makes it difficult to assess the legal merits of his argument.

In any event, we note that although the defendant, both in his brief and at the hearing on the 2024 petition, raised some new grounds to seal his record,[1] he failed to describe with particularity the disadvantages stemming from the availability of his criminal record. See Pon, 469 Mass. at 316 ("Although the defendant need not establish a risk of specific harm . . . he or she must allege with sufficient particularity and credibility some disadvantage stemming from CORI availability that exists at the time of the petition or is likely to exist in the foreseeable future"). In addition, the defendant did not explain how sealing the dismissed charge would alleviate any purported housing or employment disadvantage he might suffer or address his potential for recidivism versus future success. See id. at 302-303. Indeed, he mentioned that there have been

_____

[1] Although the crux of the 2020 and 2021 petitions was almost identical to the 2024 petition, there are some differences, including the passage of time, that distinguish the 2024 petition from the prior petitions. For that reason, we disagree with the Commonwealth's argument that the doctrine of direct estoppel bars our review of the denial of the 2024 petition in the present case.

"attempts for" loans and grants but did not expand on how his record affected those "attempts," or even the results of such purported "attempts." Moreover, he claimed that he "could" lose his credits at school and "might not" get his associate's degree if the school were to perform a background check, but again presented these concerns in a conclusory and speculative manner.[2] Instead of explaining good cause to seal his record, he spent much of his time at the hearing rehashing or attempting to relitigate procedural issues from his dismissed charge. We also note that the underlying charge of assault and battery on a family or household member was dismissed based on the victim's lack of cooperation with the prosecution as opposed to an assertion that the defendant was wrongfully accused. See Commonwealth v. Doe, 420 Mass. 142, 151 (1995) (defendant's case for confidentiality weaker where dismissal premised on essential witness's refusal to cooperate). Finally, the petition to seal that is the subject of this appeal was almost identical to the 2020 and 2021 petitions that were also denied. Accordingly, on

---

[2] The defendant's brief also lists "[p]ositions which were posited with the Court," including, inter alia, "[h]ousing disadvantage," "[l]oan consideration," "trouble volunteering," "[t]ime that has passed since the matter was filed against Appellant," "[e]fforts toward self improvement," and "medical mental health matters," but failed to specify or state with particularity any disadvantages existing at the time of the petition or likely to exist in the foreseeable future.

4

this record we discern neither a showing of good cause by the defendant nor an abuse of discretion by the judge in denying the 2024 petition.  See Pon, 469 Mass. at 316.

Order denying petition to
seal affirmed.

By the Court (Vuono, Neyman &
Sacks, JJ.[3]),

Clerk

Entered:  February 2, 2026.

---

[3] The panelists are listed in order of seniority.